UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23050-CV-UNGARO
CASE NO. 17-20218-CR-UNGARO
MAGISTRATE JUDGE REID

DION ROBINSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER TO SHOW CAUSE - 28 U.S.C. § 2255

The *pro se movant,* **Dion Robinson,** has filed this motion to vacate [ECF 1] with supporting memorandum [ECF 3], pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his conviction and sentence for conspiracy to commit Hobbs Act Robbery, entered following a guilty plea in **Case No. 13-20218-CR-Ungaro.** The movant asserts therein that he is entitled to vacatur of his conviction and sentence in light of the Supreme Court's decisions in *Rehaif v. United States,* 139 S.Ct. 2191, 2200 (2019) and *United States v. Davis,* 139 S.Ct. 2042 (2019). [*Id.,* p. 4]. In *Rehaif,* the Supreme Court recently concluded that, in a prosecution under 18 U.S.C. §§922(g) and 924(a), the government must prove both that a defendant possessed a firearm/ammunition, and that he knew he belonged to the relevant category of

persons barred from possession a firearm/ammunition. In *Davis,* the Supreme Court determined held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act is unconstitutionally vague. *See United States v. Davis,* 139 S. Ct. at 2336. The Eleventh Circuit decided on July 23, 2019 that *Davis* is retroactively applicable. *See In re Wissam T. Hammoud,* No. 19-12458-G, 2019 WL 3296800, *2 (11th Cir. Jul. 23, 2019).

Careful review of the underlying criminal case under attack here reveals that the movant's judgment of conviction was affirmed on direct appeal on July March 26, 2019, in a written, but unpublished decision. *See United States v. Robinson,* No. 17-14923, 762 F. App'x 1004 (11th Cir. Mar. 26, 2019). Because no certiorari review appears to have been filed, the judgment became final, at the latest on **June 24, 2019,** when the 90-day period for seeking certiorari review expired. *See Gonzalez v. Thaler,* 565 U.S. 134, 149-50 (2012); *Phillips v. Warden,* 908 F.3d 667, 672 (11th Cir. 2018). The movant came to this court, filing this motion to vacate, under the mailbox rule, on **July 16, 2019,** when he signed it under penalty of perjury. [ECF 1; 12]. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001). Because the motion was filed less than one year from the time the movant's conviction became final, it appears to be timely filed. It is thereupon

ORDERED AND ADJUDGED as follows:

1. Counsel for the Respondent is instructed to <u>always</u> use the civil case number <u>and</u> the criminal case number on all filings in this § 2255 proceeding.

2. To prevent motions for extensions of time, counsel for the respondent is notified that an extended period for the response has been provided in this case.

3. On or before **forty-five (45) days from the date of this order,** the respondent shall file a memorandum of fact and law to show cause why this motion should not be granted, **together with an Appendix, attaching and itemizing all documents relied upon in its response, to the extent they are not viewable electronically or are otherwise unavailable in the underlying criminal case, including those transcripts for which only the first page has been scanned, as well as, all other documents and exhibits necessary for the resolution of this motion, including any relevant exhibits currently not available in the criminal case.**

4. In its response, the government shall specifically address the merits of the movant's claim that he is actually innocent and his judgment is no longer valid in light of the Supreme Court's decision in *Rehaif* and *Davis,* notwithstanding any procedural defenses or other bars, which may apply and which the government may assert.

5. Counsel for the respondent is requested to caption the response as a "Response" and <u>not</u> as a Motion to Dismiss. The statute, 28 U.S.C. § 2243 calls for

a "Return;" Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts calls for an "Answer."

6. The respondent is instructed that its response shall contain: (1) a detailed procedural history, with citations to the corresponding criminal docket entries; (2) the facts adduced at trial with corresponding accurate citations to the trial transcripts; and, (3) a discussion on the merits of each claim(s) identified by the Movant and of concern to this court.

7. The government shall <u>not</u> comingle or otherwise group claims raised by the movant. The government shall address each claim individually, as numbered by the movant.

DONE AND ORDERED at Miami, Florida this 25th day of July, 2019.

s/Lisette M. Reid  
UNITED STATES MAGISTRATE JUDGE

cc:   Dion Robinson, *Pro Se*  
　　　Reg. No. 14584-104  
　　　F.C.I. - Coleman Medium  
　　　Inmate Mail/Parcels  
　　　Post Office Box 1032  
　　　Coleman, FL 33521

　　　The United States of America  
　　　Noticing 2255 U.S. Attorney  
　　　Email: usafls-2255@usdoj.gov